```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
             Civil No. 06-165 (DSD/JJG)
```

Onvoy, Inc.,

       Plaintiff,

v.                                                          **ORDER**

Carolina Casualty Insurance
Company,

       Defendant.

This matter is before the court upon the defendant's objections to Magistrate Judge Jeanne J. Graham's report and recommendation ("R&R"), dated May 12, 2006. In her report, the magistrate judge recommends that the defendant's motion to dismiss be granted in part and denied in part. After a de novo review of the file and record, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

This is principally a dispute over the scope of coverage afforded by a management liability insurance ("MLI") policy. Defendant Carolina Casualty Insurance Company ("Carolina Casualty") issued plaintiff Onvoy, Inc. ("Onvoy"), an MLI policy for the period of November 26, 2002 to November 26, 2003. The policy provides coverage for losses "arising from any Claim" made against

Onvoy during the policy period.  (Compl. Ex. A at 12.)  In Clause III(A) of the policy, a "claim" is defined as:

    1.    a written demand for monetary or non-monetary relief, or

    2.    a civil, criminal, administrative or arbitration proceeding for monetary or non-monetary relief which is commenced by:

        A.    service of a complaint or similar pleading, or

        B.    return of an indictment (in the case of a criminal proceeding), or

        C.    receipt or filing of a notice of charges, or

    3.    any proceeding brought or initiated by a federal, state or local government agency.

(Id. at 13.)

When a claim is made, Onvoy must give Carolina Casualty written notice of the claim to invoke coverage under the policy. (Id. at 18.)  If Onvoy becomes aware of a claim that may be made against it, it has the option of giving Carolina Casualty notice of the situation including specific facts, potential damages and the circumstances by which it became aware of the potential claim. (See id.)  The advantage to Onvoy of giving peremptory notice is that any claim subsequently made arising out of such facts will be deemed to have been made when notice was first given.  (See id.)

On July 23, 2003, Onvoy received from the United States Attorney for the Southern District of New York a grand jury

2

subpoena relating to a criminal investigation of Onvoy. On August 5, 2003, Onvoy sent Carolina Casualty a copy of the subpoena and a letter giving notice that the subpoena "may give rise to a potential Claim sometime in the future." (Schupp Aff. Ex. A; see Compl. ¶ 18.) Onvoy also noted the legal counsel it had retained requested immediate notification if Carolina Casualty objected to the retention of such counsel and stated that any amounts spent on such counsel would satisfy the deductible requirements under the MLI policy.

On August 7, 2003, Carolina Casualty responded via letter that Onvoy did not sufficiently give notice of a potential claim because it did not provide certain specific information as required by the policy. (See Schupp Aff. Ex. B; Compl. ¶ 19.) Carolina Casualty also explicitly refused to consent to Onvoy incurring any costs at that time. On August 20, 2003, Onvoy sent a second letter to Carolina Casualty and rejected the conclusion that Onvoy failed to give acceptable notice of a "potential claim for coverage and benefits" under the policy. (Schupp Aff. Ex. C.) Nevertheless, Onvoy provided the requested information to submit notice of a potential claim. On August 28, 2003, Carolina Casualty sent a letter informing Onvoy that the "notice of a potential claim" was accepted. (Id. Ex. D.) Carolina Casualty also emphasized that any costs incurred were not covered by the policy, but requested that Onvoy give immediate notification if the matter became "an actual

claim" so that policy coverage could be investigated.  (Id.; see Compl. ¶ 21.)

Although Onvoy incurred costs in connection with the subpoena, no indictment was ever returned against Onvoy.  On January 9, 2006, Onvoy commenced this action against Carolina Casualty, seeking a declaration that the MLI policy provides coverage for the subpoena issued and that Carolina Casualty has a duty to defend and indemnify Onvoy for costs related to the subpoena.  Onvoy also brings claims against Carolina Casualty for breach of contract, breach of fiduciary duty and breach of good faith and fair dealing. Carolina Casualty moved for dismissal of all claims.  The magistrate judge recommended granting the motion as to Onvoy's breach of fiduciary duty claim and denying the motion as to all other claims.  Carolina Casualty now objects to the R&R insofar as the magistrate judge recommended denying its motion.  The court will address each objection in turn.

## DISCUSSION

This court reviews the reports and recommendations of the magistrate judge de novo.  See 28 U.S.C. 636(b)(1)(C).  A complaint may be dismissed for failing to state a claim upon which relief may be granted if, after taking all facts alleged in the complaint as true, it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief.  See Fed. R. Civ. P.

4

12(b)(6); Alpharma, Inc. v. Pennfield Oil Co., 411 F.3d 934, 937 (8th Cir. 2005) (citing Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999)). When a 12(b)(6) motion to dismiss presents matters outside the pleading, the court must treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(b). However, when a complaint relies on documents whose content is undisputed, the court may consider such documents without converting the motion into one for summary judgment. See Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

In making her recommendation, the magistrate judge considered documents outside the pleadings that were referenced in Onvoy's complaint. The documents included the subpoena, the MLI policy, and four letters exchanged between the parties from August 5 to August 28, 2003. Neither party objected to the consideration of such documents, and the court finds that the magistrate judge properly relied upon them. In addition, and for the reasons stated below, the court finds that the magistrate judge correctly analyzed the law and granted defendant's motion to dismiss.

**I.   Duty to Defend**

   **A.   Standards**

The parties call upon the court to determine whether Carolina Casualty had a duty under the terms of the policy to defend Onvoy in the criminal proceedings. "A duty to defend an insured arises if any part of the claim is *arguably* within the scope of the

5

policy's coverage, and the burden is on the insurer to prove that a claim clearly falls outside the coverage." Id. at 529 (citing Prahm v. Rupp Constr. Co., 277 N.W.2d 389, 390 (Minn. 1979)) (emphasis in original).

To interpret the policy, the court applies general contract principles and tries to give effect to the intent of the parties. See Thommes v. Milwaukee Ins. Co., 641 N.W.2d 877, 879 (Minn. 2002). "The policy must be read as a whole, and unambiguous language must be accorded its plain and ordinary meaning." SCSC Corp. v. Allied Mut. Ins. Co., 536 N.W.2d 305, 311 (Minn. 1995). The court should avoid an interpretation of the policy that would render a provision meaningless. River Valley Truck Ctr., Inc. v. Interstate Cos., 704 N.W.2d 154, 163 (Minn. 2005). When provisions conflict, however, the court must give precedence to the more specific language. Id. at 166. Ambiguity arises "if, based upon its language alone, [the policy] is reasonably susceptible of more than one interpretation." Art Goebel, Inc. v. N. Suburban Agencies, Inc., 567 N.W.2d 511, 515 (Minn. 1997). If ambiguous, the language is construed against the drafter.[1] See Progressive

---

[1] The court notes that in some cases, construction of ambiguous contract language is a question of fact for the jury. See Hickman v. SAFECO Ins. Co. of Am., 695 N.W.2d 365, 369 (Minn. 2005). However, the issue becomes a jury question only if "resort may be had to extrinsic evidence" in ascertaining the intent of the parties. Minn. Sch. Bds. Ass'n Ins. Trust v. Employers Ins. of Wausau, 331 F.3d 579, 582 (8th Cir. 2003) (applying Minnesota law of policy construction); see St. Paul Fire & Marine Ins. Co. v. Lenzmeier, 243 N.W.2d 153, 156 (Minn. 1976) (rejecting argument

Specialty Ins. Co. v. Widness ex rel. Widness, 635 N.W.2d 516, 518 (Minn. 2001).

**B.   Policy coverage**

Carolina Casualty objects to the magistrate judge's conclusion that the MLI policy provides coverage for the subpoena against Onvoy. The policy provides coverage for losses arising from claims made against the insured. In the context of criminal proceedings, at least two definitions of "claim" under the policy might apply. First, a claim arises under Clause III(A)(2)(b) when a proceeding "is commenced by ... return of an indictment (in the case of a criminal proceeding)." Second, any criminal proceeding, whether pre- or post-indictment, could qualify as a claim under Clause III(A)(3) because it is a proceeding "brought or initiated by a federal, state or local government agency." (See R&R at 7-8.)

It is undisputed that Onvoy was never indicted, but rather only received a grand jury subpoena from the U.S. Attorney. The magistrate judge correctly determined that the language of Clause III(A)(3) of the policy provides coverage for all criminal proceedings including pre-indictment proceedings such as subpoenas. (See R&R at 5-8.) However, Carolina Casualty argues that rules of

---

that construction of ambiguous terms in an insurance policy is always a jury question). Here, the parties have not mentioned any actual or potential extrinsic evidence, but rather have pointed only to the language of the policy in making their construction arguments. Therefore, the court finds that if policy language is ambiguous, it remains for the court to resolve.

7

contract construction preclude the application of Clause III(A)(3) in this case.

First, Carolina Casualty asserts that the broad language of Clause III(A)(3) would render the language of Clause III(A)(2)(b) superfluous in criminal proceedings because if any such proceeding constitutes a "claim" under the former clause, then claims would never be limited to those with a returned indictment under the latter clause.  To avoid rendering Clause (A)(2)(b) meaningless, so argues Carolina Casualty, a criminal proceeding must be commenced by return of an indictment to constitute a "claim" under the policy.  Second, Carolina Casualty contends that the language of Clause III(A)(2)(b) is specific to criminal proceedings and should receive precedence over the general language of Clause III(A)(3), which applies to any proceeding brought by a government agency.

It is true that application of these rules of construction support Carolina Casualty's argument.  However, the plain language of Clause III(A)(3) provides coverage for the subpoena received by Onvoy.  Moreover, the resultant ambiguity between the plain language of the two conflicting provisions should be construed against Carolina Casualty as the drafter and insurer.  For these reasons, in addition to the reasons set forth by the magistrate judge, see R&R at 8, there is an arguable basis for coverage. Carolina Casualty has failed to meet its burden to show that the subpoena clearly falls outside the policy's coverage.  Therefore,

its objection to the magistrate judge's conclusions regarding duty to defend must be rejected.

## II.   Tender of Defense

Carolina Casualty objects to the magistrate judge's conclusion that Onvoy alleged sufficient facts that, if proven, would support the finding that it tendered notice of a claim to Carolina Casualty.  After a thorough review of the entire record and the parties' filings, the court finds that the report and recommendation of the magistrate judge is well reasoned and correctly concludes that Carolina Casualty has not shown beyond doubt that Onvoy can prove no set of facts that would entitle it to relief.  In particular, the court notes the vague and at times conflicting correspondence between the parties when Onvoy attempted to give notice and communicated its understanding that the policy would provide immediate coverage.  For this reason, dismissal is inappropriate on the basis of sufficient notice.  Therefore, Carolina Casualty's objection is overruled.

## III. Breach of Contract and Duty of Good Faith and Fair Dealing

In objecting to the magistrate judge's conclusion that Onvoy has alleged sufficient facts to support its claims of breach of contract and breach of duty of good faith and fair dealing, Carolina Casualty refers only to its arguments concerning coverage. Because the court has rejected the policy coverage objections, there remains no argument to support Carolina Casualty's objection

9

concerning the breach of contract and breach of good faith and fair dealing claims.  Therefore, that objection is also overruled.

## CONCLUSION

Accordingly, after a de novo review of the file and record, **IT IS HEREBY ORDERED** that Carolina Casualty's motion to dismiss [Doc. No. 7] is granted in part and denied in part.  Count IV of the Complaint is hereby dismissed.  As to Counts I, II, III and V of the Complaint, Carolina Casualty's motion to dismiss is denied.

Dated: July 11, 2006

                                                s/ David S. Doty
                                                David S. Doty, Judge
                                                United States District Court